UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AUGUSTINE GAETA, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>PERRIGO PHARMACEUTICALS, et al.,<br><br>        Defendants. | Case No.: C 05-4115 JW (PVT)<br><br>**ORDER RE PARTIES' PROPOSED FORM OF PROTECTIVE ORDER** |

On December 7, 2006, the parties filed a Stipulation and [Proposed] Protective Order. Having reviewed the form of protective order submitted by the parties, the court finds it appropriate to issue this interim order.

IT IS HEREBY ORDERED that, no later than December 29, 2006, the parties shall file a revised form of protective order that makes the following changes:

1. Describes the information that may be designated as "CONFIDENTIAL" as "information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c)" without further elaboration or examples;

2. Provides for an "CONFIDENTIAL – ATTORNEYS EYES ONLY" level of protection for extremely sensitive CONFIDENTIAL information whose disclosure to another party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means, rather than simply reserving the right to seek such additional level of protection at a later time;

3. Distinguishes between "disclosing party" and "designating party" where appropriate;

ORDER, *page 1*

4. Clarifies that any party who wishes to file a document containing information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY must comply with the provisions of Civil Local Rule 79-5;

5. Revises Paragraphs 8 & 9 to apply only to depositions;[1]

6. Revises Paragraph 16 to provide that, in the event the parties cannot reach agreement as to whether a document should be de-designated, the party *challenging* the designation may file a motion to de-designate the document(s) in question;[2]

7. Revises Paragraph 17 to remove any implication that a non-party who issues a subpoena seeking disclosure of CONFIDENTIAL information, and who is not subject to the jurisdiction of the court in this case because not a party hereto, is somehow required by the protective order to sign an affidavit in the form of Exhibit A; and

8. Clarifies that Paragraph 22 applies only to "Confidential – Attorneys Eyes Only" information.

The court notes that there is a model form of protective order in the "Forms" section of the court's website (www.cand.uscourts.gov) that the parties may wish to use, in whole or part, as a model for complying with the requirements of this order.

IT IS FURTHER ORDERED that, pending entry of the final form of protective order, the provisions of the parties' proposed form of protective order, as modified herein, shall govern the handling of confidential information exchanged or disclosed during discovery in this case.

Dated: *12/7/06*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[1] The use and protection of CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY information during hearings and at trial is a matter within the discretion of the judge presiding at such hearing or trial.

[2] The court disfavors provisions that result in a confidentiality designation being "deemed" waived by an attorney's inaction.

ORDER, *page 2*