1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11
12

| | |
|---|---|
| AUGUSTINE GAETA, MARGARITA GAETA, and A.G. | No. C 05-4115 JW (PVT) |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT BASF CORPORATION'S MOTION TO COMPEL** |
| v. | |
| PERRIGO PHARMACEUTICALS COMPANY, LONGS DRUG STORES CORPORATION, PAR PHARMACEUTICAL COMPANIES, INC. and BASF CORPORATION | **[Docket No. 109]** |
| Defendants. | |

13
14
15
16
17
18
19
20

### INTRODUCTION

21

Defendant BASF Corporation ("BASF") moves to compel plaintiffs Augustine and Margarita

22

Gaeta (collectively "plaintiffs") to further produce documents and to further supplement their

23

interrogatory responses.  Plaintiffs oppose the motion.[1]  On September 4, 2007, the court vacated the

24

hearing and notified the parties that the motion would be adjudicated on the papers submitted.

25

Having reviewed the papers and considered the arguments of counsel and for the reasons set forth

26

27

28

[1]    Plaintiffs filed an untimely opposition to defendant BASF's motion to compel on September 7, 2007. Their opposition was due on or before August 21, 2007.  Plaintiffs assert that the untimeliness of their opposition was due to a calendaring error by counsel. On August 24, 2007, defendant BASF requested that the court grant its motion to compel in light of plaintiffs' failure to file any opposition.  Notwithstanding the delayed filing by plaintiffs, the court has reviewed and considered the arguments set forth in the opposition.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    below, the court grants in part and denies in part defendant BASF's motion to compel.[2]

2                                    **BACKGROUND**

3           On June 3, 2004, plaintiff A.G., an otherwise healthy 10-year old boy, underwent a surgical

4    procedure to remove two congenital melancytic nevi from his shoulders at Children's Hospital of

5    Central California.  During the surgical procedure, he was administered the anesthetic halothane for

6    a very short period of time.  For post-operative pain, A.G. was administered BASF 400 mg

7    ibuprofen USP.  This ibuprofen drug was designed, manufactured, marketed and distributed by

8    defendant BASF Corporation.  Upon discharge from the hospital, A.G. was instructed to continue

9    ibuprofen for pain.

10          After discharge from the hospital, plaintiffs purchased the OTC ibuprofen drug called Longs

11   Profen IB, and A.G. took this drug from June 3, 2004 until June 6, 2004.  Longs Profen IB is

12   designed and manufactured by defendant Perrigo Pharmaceuticals Company.

13          Sometime before June 11, 2004, A.G. developed a fever and experienced appetite loss.  As a

14   result, plaintiffs consulted a pediatrician and A.G. further complained of fever and dizziness.  His

15   pediatrician prescribed 400 mg Motrin and instructed him to continue ibuprofen every six hours.  At

16   the local pharmacy where plaintiffs sought to fill the prescription, a generic form of 400 mg

17   ibuprofen was substituted.  The generic form of the drug was manufactured by defendant BASF and

18   marketed by defendant Par Pharm.

19          Plaintiff A.G. developed progressive dehydration and appetite loss.  On June 13, 2004, he

20   again consulted his pediatrician and was found to be significantly dehydrated, jaundiced and ataxic.

21   He was referred for septic shock to the emergency room at Children's Hospital of Central

22   California.

23          At the emergency room, physicians noted that plaintiff A.G. had developed a rash,

24   coagulopathy, hypoglycemia, transaminitis, acute liver dysfunction and hepatorenal syndrome.  His

25   medication history involved exclusively ibuprofen.  Plaintiff A.G. had extraordinarily elevated liver

26   enzymes and was admitted briefly to the PICU.

27   _____

28          [2]      The holding of this court is limited to the facts and particular circumstances underlying the present motion.

1    On June 14, 2004, plaintiff A.G. was transferred and admitted to the PICU at Lucille Packard

2  Children's Hospital at Stanford ("LPCH") for acute hepatic failure.  He underwent dialysis and a

3  liver biopsy.  On June 16, 2004, plaintiff A.G. underwent a orthtopic liver transplant.  A pathology

4  of his liver revealed massive hepatic necrosis, most likely drug mediated.  The physicians concluded

5  that ibuprofen toxicity was the cause of his acute liver failure.

6    As a result of the acute liver failure, plaintiff A.G. developed necrotic digits of his hands and

7  feet which eventually became gangrenous and later required amputation.  He was hospitalized at

8  LPCH from June 14, 2004 until September 3, 2004 due to significant complications, including

9  multiple infections, cholestasis, renal dysfunction, abdominal wound from surgery and severe

10 depression.  On September 3, 2004, plaintiff A.G. was transferred to Children's Hospital of Central

11 California for extensive rehabilitation.  There, plaintiff A.G. experienced additional complications

12 including severe hypertension, anemia, pancytopenia and severe depression.  He underwent multiple

13 skin grafts and additional amputations to his fingers and toes.  Plaintiff A.G. was discharged on

14 December 29, 2004.  He required use of a wheelchair and crutches to walk short distances.  Plaintiff

15 A.G. continues to require extensive follow-up to monitor his liver function and undergoes continued

16 rehabilitation.

17    On October 14, 2005, plaintiffs filed a complaint against Perrigo Pharmaceuticals and Longs

18 Drug Stores alleging product liability claims for defective design, marketing defect, breach of

19 express warranty, breach of implied warranty, negligence and gross negligence, and deceit by

20 concealment and seeking damages.  On February 28, 2006, plaintiffs filed a second amended

21 complaint, and included defendants Par Pharmaceutical and BASF Corporation.  Plaintiffs allege

22 that plaintiff A.G. developed a severe and debilitating adverse drug reaction to ibuprofen which

23 caused catastrophic damage to his body.

24    On October 23, 2006, defendant BASF served plaintiffs with requests for production and

25 served separate interrogatories to plaintiffs Augustine Gaeta and Margarita Gaeta.  On November

26 22, 2006, plaintiffs served their discovery responses.  Following extensive efforts by the parties to

27 meet and confer, plaintiffs served supplemental responses on May 17, 2007.

28    On July 20, 2007, defendants BASF moved to compel plaintiffs to produce further

3

1    documents and to supplement their interrogatory responses.

2                                **DISCUSSION**

3    Under the Federal Rules of Civil Procedure,

4              [p]arties may obtain discovery regarding any matter, not privileged,
              that is relevant to the claim or defense of any party, . . . Relevant
5              information need not be admissible at the trial if the discovery appears
              reasonably calculated to lead to the discovery of admissible evidence.

6

7    Fed. R. Civ. P. 26(b)(1).  As emphasized in the Advisory Committee's Notes, the language of Rule

     26(b) "make[s] clear the broad scope of examination and that it may cover not only evidence for use
8
     at trial but also inquiry into matters in themselves inadmissible as evidence but which will lead to
9
     the discovery of evidence."  Fed. R. Civ. P. 26 advisory committee notes on 1946 amendments.
10
            A court, however, has discretion to limit discovery if:
11
              (i) the discovery sought is unreasonably cumulative or duplicative, or
12             is obtainable from some other source that is more convenient, less
              burdensome, or less expensive;
13
              (ii) the party seeking discovery has had ample opportunity by
14             discovery in the action to obtain the information sought; or

15             (iii) the burden or expense of the proposed discovery outweighs its
              likely benefit, taking into account the needs of the case, the amount in
16             controversy, the parties' resources, the importance of the issues at
              stake in the litigation, and the importance of the proposed discovery in
17             resolving the issues.

18   Fed. R. Civ. P. 26(b)(2).

19   **I.      Interrogatories**

20           **A.      BASF's interrogatories propounded on plaintiff Augustine Gaeta**

21          Defendant BASF moves to compel plaintiff Augustine Gaeta to supplement responses to

22   interrogatory nos. 1, 2, 5, 6, 7, 8 and 10.  Specifically, defendant BASF complains that plaintiff's

23   responses are vague, general and non-specific.  For example, defendant points out that the

24   interrogatory responses often refer to vague categories of documents (i.e. all ibuprofen documents

25   anywhere) and the response ought specify records "in sufficient detail to permit the interrogating

26   party to locate and identify, as readily as can the party served, the records from which the answer

27   may be ascertained."  Fed. R. Civ. P. 33(d).

28

                                        4

**United States District Court**
For the Northern District of California

### 1.      Interrogatory no. 1

Interrogatory no. 1 seeks the identity of all persons, including but not limited to medical professionals, who have attributed A.G.'s injuries to his ingestion of any ibuprofen-containing product manufactured or sold by BASF.

In his initial response, plaintiff provided approximately four pages of names of medical providers, including doctors in various specialties, nurses, nurse practitioners, therapists and others. In the supplemental response, plaintiff narrowed the list of persons to six names, including physicians and surgeons who have treated plaintiff A.G. and "based on the information [plaintiffs] have, [plaintiffs] understand that the treating doctors attribute the injuries to ibuprofen toxicity." Plaintiff further stated that experts may be designated to render additional opinions.

Defendant complains that the response merely consists of a list of medical providers who have treated plaintiff A.G. for his injuries.

Plaintiff is required to "furnish such information as is available to the party." Fed. R. Civ. P. 33(a). Moreover, plaintiff is under a duty to supplement disclosures or responses if appropriate. *See*, Fed. R. Civ. P. 26(e). As plaintiff has stated that the six named persons have attributed plaintiff A.G.'s injuries to the ingestion of ibuprofen, plaintiff has responded to the interrogatory. Accordingly, defendant BASF's motion to compel further response to interrogatory no. 1 is denied.

### 2.      Interrogatory no. 2

Interrogatory no. 2 seeks the identification of all documents, including but not limited to medical articles, medical journals, studies, case reports, textbooks, abstracts, or synopses that plaintiff contends supports the claim that plaintiff A.G.'s injuries were caused by the ingestion of ibuprofen-containing product manufactured or sold by BASF.

In the initial response, plaintiff objected on the grounds that the interrogatory was overly broad and cited to 18 categories of documents. Plaintiff's supplemental response included citations to 19 articles from various medical and pharmacology journals. Defendant BASF challenges the improper objections made by plaintiff.

As plaintiff has now cited to specific articles in his supplemental response, plaintiff has responded to the interrogatory. Accordingly, defendant BASF's motion to compel further response

to interrogatory no. 2 is denied.

### 3.   Interrogatory no. 5

Interrogatory no. 5 seeks a description of each of the injuries that plaintiff claims resulted from plaintiff A.G.'s ingestion of ibuprofen containing product manufactured or sold by BASF.

In the initial response, plaintiff stated that damages had not yet been calculated and would be supplemented later.  Plaintiff also incorporated plaintiff A.G.'s relevant medical  and billing records into the interrogatory response.

Defendant BASF complains that the interrogatory relates to injuries, not damages, and that plaintiff's incorporation and reference to medical and billing records and pleadings in the action is improper.

As plaintiff has not properly responded to the interrogatory (except to incorrectly refer to damages and to incorporate medical and billing records and certain pleadings in the action), defendant BASF's motion to compel further response to interrogatory no. 5 is granted.  *See, e.g., Scaife v. Boenne,* 191 F.R.D. 590, 594 (N.D. In. 2000)(an interrogatory response should be complete and not refer to other pleadings or documents).

### 4.   Interrogatory no. 6

Interrogatory no. 6 seeks the names of any medicines, drugs, herbal remedies or substances (whether prescribed or not) taken by plaintiff A.G. in the ten years preceding the filing of the complaint.

In the initial response, plaintiff referred defendant to plaintiff A.G.'s medical records.  In the supplemental response, plaintiff again referred defendant to plaintiff A.G.'s medical records and stated that he may have received cough medicine.  Plaintiff further stated that he cannot recall plaintiff A.G. taking home or herbal remedies.

Defendant BASF complains that the response improperly references plaintiff A.G.'s medical records and lacks specificity.

As plaintiff has not provided a thorough listing of medicines identified in plaintiff A.G.'s medical records or other medications taken by plaintiff A.G. in the response, defendant BASF's motion to compel further response to interrogatory no. 6 is granted.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 5.    Interrogatory no. 7

Interrogatory no. 7 seeks for each medicine, drug, herbal remedy, or substance prescribed for plaintiff A.G. by any medical practitioner or healthcare provider, a categorical listing of the illness, disease or injury for which it was taken, when it was taken and stopped, the name of the prescribing medical practitioner, and the name of the pharmacy or store from which the prescription was obtained.

In the initial response, plaintiff objected and referred defendant to plaintiff A.G.'s medical records.  In the supplemental response, plaintiff stated that plaintiff A.G. may have taken cough medicine in addition to various medications specifically identified in medical records and pleadings.

Defendant complains that plaintiff has improperly objected and incorporated plaintiff A.G.'s medical records and pleadings in the response.

As plaintiff has not thoroughly responded to interrogatory no. 7, defendant BASF's motion to compel further response is granted.

### 6.    Interrogatory no. 8

Interrogatory no. 8 seeks the names of all sources from which ibuprofen manufactured or sold by BASF and ingested by plaintiff A.G. was obtained.

In the initial response, plaintiff named the Children's Hospital of Central California.  In the supplemental response, plaintiff also named the BK Pharmacy in Madera, California.

Defendant BASF complains that records from the Children's Hospital fail to show that ibuprofen manufactured or sold by BASF was provided to plaintiff A.G.  During a meet and confer, plaintiffs' counsel stated that "nothing in the Children's Hospital's records implicated BASF but he thinks there could be."

As plaintiff has further supplemented his response to the interrogatory, defendant BASF's motion to compel further response to interrogatory no. 8 is denied as moot.

### 7.    Interrogatory no. 10

Interrogatory no. 10 seeks the identity of all persons who have knowledge of plaintiff A.G.'s use of any ibuprofen-containing product.

In the initial response, plaintiff named approximately 39 people as well as all medical and

healthcare providers noted in plaintiff A.G.'s medical records.  In the supplemental response, plaintiff referred to "treating doctors, minor plaintiff, family members, pharmacists and any healthcare provider that gave him the drug."

Defendant BASF complains that the list of people does not relate to those with specific knowledge of plaintiff A.G.'s ibuprofen use.

As plaintiff has not specifically responded to the interrogatory by naming the treating doctors, pharmacists and healthcare providers, defendant BASF's motion to compel further response to interrogatory no. 10 is granted.

**B.      BASF's interrogatories propounded on plaintiff Margarita Gaeta**

Defendant BASF also moves to compel plaintiff Margarita Gaeta to further respond to interrogatory nos. 1, 2, 3, 4, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22.

**1.      Interrogatory no. 1**

Interrogatory no. 1 seeks all facts that support plaintiff's contention as set forth in the complaint that any ibuprofen-containing product manufactured or sold by BASF and taken by plaintiff A.G. was defectively designed.

In the initial response, plaintiff objected and referred to various medical literature set forth in the initial disclosures.  In addition, plaintiff referred to the NDA for single ingredient ibuprofen products as well as numerous other FDA documents.  In the supplemental response, plaintiff recounted numerous contentions set forth in the complaint.

Defendant BASF complains that plaintiff's response lacks facts which support the general contention that ibuprofen-containing product manufactured or sold by BASF and ingested by plaintiff A.G. was defectively designed.

As plaintiff has responded to interrogatory no. 1 by stating that, *inter alia,* the BASF product contained the racemic mixture of S+ and R- ibuprofen which is more toxic than the alternative design, known as dexibuprofen, plaintiff has responded to the interrogatory and defendant BASF's motion to compel further response is denied.

**2.      Interrogatory no. 2**

Interrogatory no. 2 seeks the identity of all persons with knowledge or information of each

1   fact that  supports plaintiff's contention that any ibuprofen-containing product manufactured or sold
2   by BASF and taken by plaintiff A.G. was defectively designed.

3        In the initial response, plaintiff named 63 individuals or entities (and the employees therein)
4   and in the supplemental response, plaintiff named defendants and doctors that treated plaintiff A.G.

5        Defendant BASF complains that the list is so onerous that the response is non-responsive and
6   the objections are unfounded.  Specifically, defendant BASF seeks the names of persons with "facts"
7   that support plaintiff's claims against it.

8        As defendant BASF has narrowed the scope of the interrogatory and plaintiff's response is
9   not specific, defendant BASF's motion to compel further response to interrogatory no. 2 is granted.

10       **3.      Interrogatory no. 3**

11       Interrogatory 3 seeks every fact that supports plaintiff's contentions in the complaint that any
12   ibuprofen-containing product manufactured or sold by BASF and taken by plaintiff A.G. was
13   defective because of improper or inadequate instructions or warnings.

14       In the initial response, plaintiff objected and referenced, *inter alia,*  medical literature as well
15   as the entire NDA for any single ingredient ibuprofen product.  In the supplemental response,
16   plaintiff provides at least 5 paragraphs of narrative related to defective labeling and warnings.

17       Defendant BASF complains that the response lacks specificity and that plaintiff is required to
18   specify the responsive documents.

19       To the extent plaintiff finds that references to specific documents are responsive to
20   interrogatory no. 3, plaintiff shall set forth with specificity the relevant documents, records and
21   literature.  Plaintiff has responded to the interrogatory.  Accordingly, BASF's motion to compel
22   further response to interrogatory no. 3 is granted in part and denied in part.

23       **4.      Interrogatory nos. 4, 7, 8, 9, 10, 11 and 12**

24       Interrogatory nos. 4, 7, 8, 9, 10, 11 and 12 seek specific responses where plaintiff has
25   incorporated the objections and answers from interrogatory nos. 1-3.  Defendant BASF complains
26   that plaintiff has failed to provide proper responses because incorporating responses from prior
27   interrogatories is improper.

28       Because plaintiff has failed to properly respond to the interrogatories set forth above,

9

**United States District Court**
For the Northern District of California

1  plaintiff shall supplement those responses.  Accordingly, BASF's motion to compel further response

2  to interrogatory nos. 4, 7, 8, 9, 10, 11 and 12 is granted.

3                                  **5.**        **Interrogatory no. 13**

4       Interrogatory no. 13 seeks the identification of each and every item for which plaintiff seeks

5  damages, the amount of damages for each item and the method of calculating such damages.

6       In the initial response, plaintiff objected to the interrogatory.  In the supplemental response,

7  plaintiff stated that damages sought will include compensation for past medical care, medical and

8  life expenses in the future, mental and physical pain in the past and future, impairment and disability

9  in the past and future, vocational impairment and loss of earning capacity and exemplary damages.

10  For damages for past medical care, plaintiff refers to medical billing records and for damages for

11  pain and suffering, plaintiff specifies a total of $10 million.  Plaintiff states that damage calculations

12  for vocational impairment and lost earning capacity and future needs will be calculated by experts at

13  a later date.

14       Defendant BASF complains that plaintiff's response lacks specificity.

15       Plaintiff shall supplement the response to the extent discovery relating to damages currently

16  exists.  Accordingly, BASF's motion to compel further response to interrogatory no. 13 is granted.

17                              **6.**        **Interrogatory nos. 14, 15 and 16**

18       Interrogatory nos. 14, 15 and 16 seek information relating to plaintiff's contentions set forth

19  in the complaint that there was a safer alternative design for any ibuprofen-containing product

20  manufactured or sold by BASF and taken by plaintiff A.G.

21       In the initial responses, plaintiff objected and referenced publicly-available scientific

22  information and literature.  Plaintiff provided no supplemental responses to the interrogatories.

23       BASF complains that the responses lack specificity and the reference to the wide body of

24  literature is improper.  In the opposition, plaintiff encloses a bibliography of articles relating to

25  dexibuprofen.

26       Plaintiff shall supplement the responses to interrogatory nos. 14, 15, 16 and include the

27  bibliography set forth in the opposition in the response to interrogatory no. 16.  Accordingly,

28  BASF's motion to compel further response to interrogatory nos. 14, 15 and 16 is granted.

**United States District Court**
For the Northern District of California

### 7.  Interrogatory nos. 18 and 19

Interrogatory nos. 18 and 19 seek information related to plaintiff's contention that defendant BASF is liable for punitive damages.

In the initial response to interrogatory no. 18, plaintiff refers to the medical and billing records and pleadings filed in the action.  In the supplemental response to interrogatory no. 18, plaintiff stated that liability for punitive damages depended on BASF's efforts to determine the toxicity of the product, when it learned the information and its response to the information.  Plaintiff further states that defendant's duty to maintain PSURs, AER and ADR information would have revealed the dangers of ibuprofen.

As plaintiff has supplemented the response to interrogatory no. 18, BASF's motion to compel a further response to this interrogatory is denied.

Interrogatory no. 19 seeks the identification of people who have knowledge that BASF is liable for punitive damages.  The initial and supplemental responses fail to identify persons as requested by the interrogatory.

Plaintiff shall supplement the response to interrogatory no. 19.  Accordingly, BASF's motion to compel further response to interrogatory no. 19 is granted.

### 8.  Interrogatory nos. 20 and 21

Interrogatory nos. 20 and 21 relate to plaintiff's contentions that the anesthetic halothane did not cause all or part of plaintiff A.G.'s injuries.

In the initial response, plaintiff objected and stated the interrogatory was premature because the answer would become apparent during the course of the litigation of the matter and that such information is protected by attorney work-product.  Plaintiff also referenced depositions and exhibits as well as expert disclosures and reports.

Defendant BASF complains that the response is improper because plaintiff has not provided a privilege log and interrogatories seeking facts underlying contentions set forth in the complaint is not premature.

Plaintiff shall supplement the responses to interrogatory nos. 20 and 21.   Accordingly, BASF's motion to compel further response to interrogatory nos. 20 and 21 is granted.

United States District Court
For the Northern District of California

1

**9.    Interrogatory no. 22**

2    Interrogatory no. 22 seeks the identity of all persons with knowledge or information of each

3    fact that supports plaintiff's contention that the anesthetic halothane did not cause all or part of

4    plaintiff A.G.'s injuries.

5    In the initial response, plaintiff objected and referenced depositions and exhibits and

6    plaintiff's expert disclosures and reports.  Plaintiff provided no supplemental response.

7    Plaintiff shall supplement the response to interrogatory no. 22.   Accordingly, BASF's motion

8    to compel further response to interrogatory no. 22 is granted.

9    **II.    Document Requests**

10    Defendant BASF moves to compel plaintiffs Augustine and Margarita Gaeta to further

11    produce documents responsive to document request nos. 1, 2, 3, 5, 6, 7, 8, 10, 11, 12, 13, 17, 18, 21,

12    24, 26, 27, 30, 31, 32, 33, 34, 35, 36, 37, 40, 41, 43 and 44.

13    Plaintiffs have objected on various grounds and oftentimes have stated that the documents

14    are publicly and equally available to defendant.  Additionally, plaintiffs have objected on the

15    grounds of attorney work-product and have referenced pleadings or depositions in the action.

16    Plaintiffs shall supplement their responses to document request nos. 1, 2, 3, 5, 6, 7, 8, 10, 11,

17    12, 13, 17, 18, 26, 27, 34, 35, 36, 37, 40, 41, 43 and 44 and produce any documents referenced in

18    their responses, including any documents equally  and publicly available to defendant.  Moreover,

19    responsive documents withheld on the grounds of privilege or work-product shall be identified in a

20    privilege log with enough detail "to enable other parties to assess the applicability of the privilege or

21    protection."  Fed. R. Civ. P. 26(b)(5).

22    With respect to document request no. 21 which seeks any tissue, tissue blocks, blood, fluid or

23    serum samples, pathology slides, radiology films or other physical evidence, plaintiffs shall

24    supplement their response regarding whether any additional things (as specified above and aside

25    from tissue blocks or slides which have been previously addressed in their supplemental response)

26    may exist.

27    With respect to document request no. 24, which seeks all documents, including photographs,

28    drawings, journals, slides or videos that depict any of the injuries alleged to have been sustained by

12

**United States District Court**
For the Northern District of California

1   plaintiff A.G., plaintiffs shall supplement their response and produce any responsive things,

2   irrespective of whether plaintiffs intend to introduce them at trial.

3        With respect to document request nos. 30, 31, 32 and 33, plaintiffs have already agreed to

4   produce the responsive documents and shall produce them as agreed.  Accordingly, defendant

5   BASF's motion to compel further documents responsive to document request nos. 30, 31, 32 and 33.

6

7   **CONCLUSION**

8        For the foregoing reasons, defendant BASF's motion to compel further production of

9   documents and further interrogatory responses is granted in part and denied in part.  Plaintiffs shall

10  further produce documents responsive to the documents set forth above no later than November 30,

11  2007.  Plaintiffs shall also supplement the interrogatory responses set forth above no later than

12  November 30, 2007.

13       **IT IS SO ORDERED**.

14  Dated:   *November 9, 2007*

                      *Patricia V. Trumbull*

15                        PATRICIA V. TRUMBULL
                      United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

13

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28