UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARGARITA GAETA, et al., | Case No.: C 05-4115 JW (PVT) |
| Plaintiffs, | **ORDER RE MID-DEPOSITION DISPUTE** |
| v. | |
| PERRIGO PHARMACEUTICALS COMPANY, et al., | |
| Defendants. | |

On February 12, 2008, Plaintiff and Defendant Perrigo Pharmaceuticals Company appeared by telephone before Magistrate Judge Patricia V. Trumbull for hearing regarding a dispute which arose during the deposition of Dr. Zeller.[1] The dispute involved Defense counsel's instruction to Dr. Zeller not to answer questions about Plaintiffs' experts' reports. Based on the arguments presented,

IT IS HEREBY ORDERED that Defendant Perrigo Pharmaceuticals Company's motion to limit the deposition pursuant to Rule 30(d)(3) of the Federal Rules of Civil Procedure[2] is DENIED.

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2] Although defense counsel did not expressly state he was moving for a motion to limit the deposition, the court assumes that was the purpose of the telephone hearing given the context of the dispute. *See* FED.R.CIV.PRO. 30(c)(2) ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion

Dr. Zeller shall answer the questions regarding Plaintiff's experts' reports.

Rule 30(d)(3) provides, in relevant part:

"At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."

Defendant has not shown that the questions about Plaintiffs' experts' reports were either asked in bad faith, or that they unreasonably annoy, embarrass, or oppress Dr. Zeller or Defendant. Defendant's arguments regarding the propriety of asking these questions of Dr. Zeller goes to whether his responses would be *admissible*, not whether they are discoverable. *See, e.g., Boyd v. University of Maryland Med. Sys.*, 173 F.R.D. 143, 148 (D.Md. 1997).

Dated: *2/12/08*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

uinder Rule 30(d)(3).")